```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION
```

| | |
|---|---|
| DUPAGE PAPER STOCK, INC., | ) |
| | ) |
|     Plaintiff-appellee, | ) |
| | )   07 C 3008 |
|   v. | ) |
| | )   Judge George M. Marovich |
| PETER MATSUKIS, | ) |
| | ) |
|     Defendant-appellant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pursuant to 28 U.S.C. § 158(a), defendant-appellant Peter Matsukis ("Matsukis") appeals decisions made by the bankruptcy court. The bankruptcy court both denied Matsukis's request for a retroactive extension of time and granted DuPage Paper Stock, Inc.'s motion for summary judgment against Matsukis. For the reasons set forth below, the Court affirms the decisions of the bankruptcy court.

**I.    Background**

Peter Matsukis is currently incarcerated because he plead guilty in federal court to two counts of fraud. Matsukis was in the business of selling recycled paper products, and he plead guilty to defrauding customers by misrepresenting the quality and quantity of recycled paper products he sold them. When Judge Norgle entered judgment against Matsukis, he ordered Matsukis to pay restitution in the amount of $1,228,471.23, of which $198,680.23 was allocated to DuPage Paper Stock, Inc. ("DuPage Paper").

Separately, Matsukis sought to discharge some of his debts in bankruptcy. DuPage Paper filed an adversary proceeding in which it objected to the dischargeability of the debt Matsukis owed DuPage Paper.

DuPage Paper filed a motion for summary judgment before the bankruptcy court. The statement of material facts DuPage Paper submitted in connection with its motion was supported by a 32-page affidavit, which outlined some twenty fraudulent transactions between Matsukis and DuPage Paper. DuPage Paper's affidavit established that DuPage Paper had been damaged in the amount of $431,358.37.

On October 19, 2006, Judge Barbosa, the Bankruptcy Judge assigned to the matter, entered an order setting a briefing schedule on DuPage Paper's motion for summary judgment. Pursuant to that order, Matsukis's response was due December 13, 2006. DuPage Paper's reply was due January 18, 2007. Judge Barbosa also set a hearing date of February 8, 2007 for oral argument.

Matsukis failed to file a response to the motion for summary judgment. Neither he nor his attorney appeared at the February 8, 2007 hearing. DuPage Paper's counsel appeared and requested that Judge Barbosa deem admitted the facts DuPage Paper set out in its motion for summary judgment and enter summary judgment in favor of DuPage Paper. Judge Barbosa granted the motion for summary judgment and asked that DuPage Paper's counsel prepare an order, which was ultimately entered on or about February 14, 2007. Judge Barbosa entered judgment in favor of DuPage Paper and against Matsukis in the amount of $431,358.37 plus prejudgment interest, costs and reasonable attorneys' fees.

On or about February 20, 2007, Matsukis (via counsel) filed a motion for a retroactive extension of time to file a response to DuPage Paper's motion for summary judgment. In the motion, Matsukis's counsel stated, among other things:

> 6. That on October 19, 2006, this Honorable Court entered an order providing for the following briefing schedule: Matsukis to file his response on or before December 18, 2006, Plaintiff to file any reply on or before January 18, 2007 and a status hearing to be held on February 8, 2007.

      7.     That the briefing schedule was inadvertently not docketed by counsel for Matsukis and, accordingly, no response was filed.

      8.     That since the briefing schedule was not docketed, the status date of February 8, 2007 was inadvertently not docketed and, therefore, counsel for Matsukis failed to appear.

(Matsukis Motion for Retroactive Extension at 2).

Judge Barbosa heard argument in court and then allowed additional briefing on the motion for retroactive extension. On April 12, 2007, Judge Barbosa denied the motion in open court. He stated the standard and explained his reasoning. Among other things, Judge Barbosa explained:

> Defense counsel states that the briefing schedule was inadvertently not documented by him, and, accordingly, no response was ever filed.
>
>                ***
>
> It is the 3rd and 4th factors which weigh most heavily against the movant in this case. Those factors are the reason for the delay and whether the delay was within the reasonable control of the movant.
>
> The post-Pioneer cases, while acknowledging the broader and more liberal interpretation of excusable neglect, hold in common that inattentiveness to litigation is not excusable. The cases which have found excusable neglect all involved some ambiguity or peculiarity in the case which may have caused the attorney in question to miss a deadline in the course of litigating a case, not in the course of ignoring a case. There is no allegation in this case by supporting affidavit or otherwise about unique circumstances to warrant confusion or ambiguity about dates in question.
>
> The Pioneer case did not render the word excusable devoid of its common meaning, nor can it be construed as surplus language. The word derives from the noun excuse, which Black's Law Dictionary defines as a reason that justified an act or omission that relieves a person of a duty.
>
>                ***
>
> This Court concludes that the movant has failed to demonstrate circumstances warranting a finding of excusable neglect, and, thus, the motion will be denied.

(Transcript of April 12, 2007 hearing at A1108, A1113-1114).

## II. Standard of Review

When reviewing a decision of the bankruptcy court, the court reviews legal findings *de novo* and factual findings for clear error. *In re ABC-Naco, Inc.*, 483 F.3d 470, 472 (7th Cir. 2007). The Court reviews for abuse of discretion the bankruptcy court's refusal to find excusable neglect warranting a retroactive extension of time. *Raymond v. Ameritech*, 442 F.3d 600, 606 (7th Cir. 2006).

## III. Discussion

### A. Judge Barbosa did not abuse his discretion in refusing to extend the deadline.

Matsukis first argues that Judge Barbosa should have granted him a retroactive extension of time in which to respond to DuPage Paper's motion for summary judgment. This Court reviews the bankruptcy court's decision for abuse of discretion. *Raymond v. Ameritech*, 442 F.3d 600, 606 (7th Cir. 2006).

Bankruptcy Rule 9006, which is modeled after Rule 6 of the Federal Rules of Civil Procedure, provides, in relevant part:

> when an act is required or allowed to be done at or within a specified period . . . by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Bankruptcy Rule 9006(b)(1). The Supreme Court has said that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect, . . . [it] is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 392 (1993). In determining whether neglect is excusable, a court should consider such

circumstances as "the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. Adds the Seventh Circuit, "court-imposed deadlines are no less binding merely because they have passed. The overriding principle at stake involves [a court's] ability to mitigate the scourge of litigation delays by setting deadlines" to force diligence. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006).

In this case, the bankruptcy court considered each of the four factors set out in *Pioneer*. It reasoned that the last two factors–the reason for the delay and the movant's good faith–were most important. The bankruptcy court then concluded that inattentiveness to litigation was not excusable and that Matsukis's failure to file a response on time was not a result of excusable neglect.

This Court finds no abuse of discretion with that conclusion. In fact, the Court thinks it might have been an abuse of discretion had the bankruptcy court *granted* an extension in this case. Although Matsukis plainly established neglect when he stated that he had inadvertently failed to docket the deadlines, Matsukis did not even bother to offer an *excuse* for why he failed to docket the order.

The bankruptcy court did not abuse its discretion in denying Matsukis's motion for retroactive extension of time, and that ruling is affirmed.

**B.    The bankruptcy court's summary judgment ruling was proper.**

Next, Matsukis argues that the bankruptcy judge should have afforded him an opportunity to establish set-offs against the amount he owed DuPage Paper. Specifically, Matsukis argues that he would have put forth evidence that DuPage Paper owed him

approximately $200,000.00 and that that sum should have been set off against the amount he owed DuPage Paper.

The Court disagrees. Matsukis, in fact, *had* an opportunity to put forth evidence of the amounts he believed DuPage Paper owed to him. He just failed to take it. As described above, Matsukis failed to file a timely response to DuPage Paper's motion for summary judgment. Because of that failure, the bankruptcy judge promptly deemed admitted the facts put forth by DuPage Paper. That decision was consistent with the bankruptcy court's local rule 7056-1(C), which (like this district's own Local Rule 56.1) states that a movant's material facts "will be deemed admitted unless controverted by" the non-moving party. *See Rule 7056-1(C) of the Local Rules of the U.S. Bankruptcy Court for the Northern District of Illinois*. The bankruptcy court was well within its discretion in enforcing the local rule strictly. *See Raymond v. Ameritech Corp.*, 442 F.3d at 607 ("In the context of summary judgment, we have held that strict enforcement of Local Rule 56.1 is 'justified in light of the district court's significant interest in maintaining the integrity of its calendar.'") (quoting *Wienco, Inc. v. Katahn Assocs., Inc.*, 963 F.2d 565, 568 (7th Cir. 1992)). The upshot was that DuPage Paper put forth admissible evidence that Matsukis owed DuPage Paper $431,358.37, and Matsukis put forth no evidence that DuPage Paper owed Matsukis money. The bankruptcy court properly granted summary judgment in DuPage Paper's favor.

Finally, Matsukis argues that DuPage Paper Stock is estopped from recovering more than $198,680.23, the amount Matsukis was ordered to pay in restitution to DuPage Paper after he had plead guilty. Matsukis argues that *res judicata* bars DuPage Paper from recovering the $431,358.37 judgment because it is greater than the amount of restitution he is required to pay DuPage Paper under the judgment in his criminal case.

The Court disagrees for several reasons. First of all, this is not an argument Matsukis made before the bankruptcy court, and arguments not made below are waived. *Mote v. Aetna Life Ins. Co.*, 502 F.3d 601, 608 n. 4 (7th Cir. 2007).

Second, *res judicata*, while applicable to criminal cases, does not help Matsukis here. The Seventh Circuit has explained:

> *Res judicata* contains two related but distinct principles of judicial finality, merger and bar. 'Merger' means that a plaintiff who obtains a final judgment may not thereafter maintain a second action against the defendant on the same claim. 'Bar' means that a final judgment in favor of a defendant bars a second action by the plaintiff on the second claim.

*United States v. Ryan*, 810 F.2d 650, 654 (7th Cir. 1987) (internal citations omitted). Matsukis cannot avail himself of the bar prong, because he entered a plea of guilty and, hence, judgment was entered *against* him, not in his favor. *See Ryan*, 810 F.2d at 654 ("bar prong of *res judicata* is unavailable" to individual who had plead guilty in first action). Nor is the merger prong available to Matsukis. That requires not just an identity of the parties but also an identity of the causes of action. *Ryan*, 810 F.2d at 654. DuPage Paper was not a party to Matsukis's criminal proceeding, so *res judicata* is inapplicable.

Accordingly, the judgment of the bankruptcy court is affirmed.

**IV. Conclusion**

For the reasons set forth above, the Court affirms the decision of the bankruptcy court.

ENTER:

_____
George M. Marovich
United States District Judge

DATED: February 12, 2008